**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**SASHA GONZALEZ,**

    **Plaintiff,**

                            **CASE NO.:**

**v.**

**COAST DENTAL SERVICES, LLC and
INTELIDENT SOLUTIONS, LLC,**

    **Defendant.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff SASHA GONZALEZ, hereby sues Defendants, COAST DENTAL SERVICES, LLC and INTELIDENT SOLUTIONS, LLC, (hereinafter collectively "Defendants") and alleges:

**NATURE OF THE ACTION**

1. This is an action brought under Family and Medical Leave Act (FMLA) of 1993, 29 U.S.C. §§2612, 2624.

2. Plaintiff's claims for relief are also predicated upon the subject matter construed pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, as well as Chapter 760, Florida Statutes, the Florida Civil Rights Act.

3. The Court has concurrent and supplemental jurisdiction pursuant to 28

U.S.C. § 1367.

## THE PARTIES

4. At all times pertinent hereto, Plaintiff, SASHA GONZALEZ, has been a resident of the State of Florida and was employed by Defendants. Plaintiff was retaliated against after she applied for FMLA attendant care leave.

5. At all times pertinent hereto, Defendants, COAST DENTAL SERVICES, LLC and INTELIDENT SOLUTIONS, LLC, has been organized and existing under the laws of the State of Florida having the principal place of business (headquarters) in Tampa, Florida.

6. At all times pertinent to this action, Defendants have been "employers" as that term is used under the applicable laws identified above. Defendants were Plaintiff's employers as it relates to these claims. Prior to her need for leave under the FMLA, Plaintiff worked for Defendants for almost two years and worked more than 1,250 hours in the year immediately preceding her need for leave. Defendants employ more than 100 employees.

## TITLE VII / PDA / ADA/ FCRA STATUTORY PREREQUISITES

7. Plaintiff is a female "person" who suffered discrimination based on her panic disorder and anxiety disorder. As such she is a member of a class of

individuals protected by Title VII, the PDA, the ADA and the FCRA.

8. Plaintiff was qualified for her position of employment.

9. Plaintiff suffered an adverse effect upon her employment by having her FMLA leave requests denied and ultimately being terminated by Defendants with the motivating or determinative factor used by Defendants in the decision making process being Plaintiff's need for accommodation, or related medical condition(s).

10. Plaintiff suffered from differential application of work or disciplinary rules because Defendants treated Plaintiff differently on the basis of Plaintiff's protected class.

11. The Defendants meet the statutory criteria for coverage as an "employer" under Title VII, the PDA, the ADA and the FCRA.

12. Plaintiff meets the statutory criteria for coverage as an "employee" under Title VII, the PDA, the ADA, and the FCRA.

13. Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on February 18, 2020 which is within 300 days of the last date of Defendant's alleged discriminatory and retaliatory conduct. Plaintiff was issued a right-to-sue letter by the EEOC on August 5, 2020, and which was received by Plaintiff on August 12, 2020. Therefore this complaint is being filed within 90 days of receiving her right to sue

letter.

14. Accordingly Plaintiff has completed all other Title VII, the PDA, the ADA and the FCRA requirements and all other prerequisites prior to bringing this lawsuit.

15. Plaintiff has satisfied all conditions precedent to bringing this action, if any.

## STATEMENT OF THE ULTIMATE FACTS

16. Plaintiff began her employment with Defendants on December 17, 2017 and held the position of New Patient Care Coordinator at the time of her unlawful termination on August 21, 2019.

17. Plaintiff suffers from a panic disorder and anxiety disorder.

18. In or around April 22, 2019, Plaintiff experienced a mental health event at work.  The office manager, Ms. Erica Riddle, forced Plaintiff to visit her physician to obtain "clearance" to return to work.  Plaintiff went to her doctor and was advised to take intermittent FMLA.

19. On or around May 3, 2019, Plaintiff contacted the head of HR, Renee Hobby, to file a complaint of harassment against Ms. Riddle.  Plaintiff told Ms. Hobby that Ms. Riddle was hostile to Plaintiff's mental health condition and told Plaintiff to "keep everything shop talk."  Ms. Hobby never filed the complaint on Plaintiff's behalf or investigated Plaintiff's complaint.

20. On or about May 8, 2019, Plaintiff returned to work and initiated paperwork for FMLA leave in order to continue treating her condition. Soon after filing for FMLA, on May 9, 2019, Plaintiff received a write-up. Plaintiff refused to sign the write-up because it was in retaliation for her filing for FMLA.

21. On or about May 10, 2019, Defendants began advertising Plaintiff's position on multiple jobsites.

22. On or about May 17, 2019, Ms. Gonzalez asked for an accommodation relating to her workload in relation to her previously disclosed medical/mental health condition.

23. Ms. Riddle then retaliated against Plaintiff for making the request for a reasonable accommodation. Plaintiff again contacted Ms. Hobby to file a formal complaint against Ms. Riddle for her retaliatory actions. In that same day, Plaintiff was told that her FMLA had been denied.

24. On or about May 24, 2019, Plaintiff wrote Ms. Hobby an email to discuss the hostility and harassment she experienced from Ms. Riddle. Plaintiff advised Ms. Hobby that she wanted to file a grievance and also inquired about the denial of her FMLA request. Ms. Hobby called Plaintiff and exclaimed, "I am not your counselor or your therapist…you shouldn't even be telling me this." Ms. Hobby then finally disclosed the process for filing FMLA.

25. On or about May 29, 2019, Plaintiff finally received approval for

intermittent FMLA.

26. On or about August 18, 2019, Plaintiff was the victim of a domestic violence incident. She was injured and was unable to work. Plaintiff suffered severe physical and mental injuries and was unable to attend work after the traumatic incident. Plaintiff asked for the reasonable accommodation of time off of work to treat for the horrific domestic violence incident that had just occurred. Plaintiff took two days of intermittent FMLA leave.

27. On or about August 21, 2019, Ms. Riddle terminated Plaintiff just three days after her reasonable accommodation request. Plaintiff was terminated because she exercised her rights under the FMLA by requesting and taking FMLA leave. Defendants interfered with Plaintiff's ability to take FMLA leave.

28. Defendants' actions were willful and/or were in reckless disregard of the severity of the violations of law represented by the same.

29. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendants should be made to pay the fee under the statutory provisions cited herein and such other grounds as are authorized.

## COUNT I
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

30. Paragraphs 1 through 29 are re-alleged and are incorporated herein by reference.

31. This is an action against Defendants for interfering with Plaintiff's protected leave under the FMLA, for harassing Plaintiff due to using FMLA leave time, and for retaliating against Plaintiff for requesting and/or taking time off that was authorized by and protected under the FMLA. This is an interference and retaliation claim.

32. After requesting leave for her medical condition, Defendants harassed Plaintiff and took adverse personnel actions against her for using leave.

33. Plaintiff was denied rights and benefits conferred by the FMLA and she was retaliated against after requesting and/or taking protected leave.

34. Defendant's violations of the FMLA were willful.

35. As a direct and proximate result of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained mental, nervous, and emotional injury. Plaintiff has incurred additional damages including lost wages, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and other damages attendant with retaliation of Defendants. These damages have occurred in the past, are occurring at present and will continue in the future. Plaintiff is entitled to liquidated damages and injunctive relief including reinstatement to her former position within Defendant with the requisite training.

## COUNT II
## DISABILITY/PERCEIVED DISABILITY DISCRIMINATION UNDER THE ADAAA

36. Paragraphs 1 through 29 are re-alleged and are incorporated herein by reference.

37. Plaintiff was a qualified individual with a disability recognized under the ADAAA.

38. Plaintiff was disabled/perceived as disabled by Defendants.

39. Defendant was Plaintiff's employer as defined by the ADAAA.

40. Defendants discriminated against Plaintiff because of her actual or perceived disability in violation of the ADAAA.

41. Defendants discriminated against Plaintiff because she exercised her rights under the ADAAA by notifying Defendants of her need for a work accommodation related to her disability.

42. Defendants had actual or constructive knowledge of the discriminatory conduct.

43. Defendants' acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

44. Defendants' conduct violated Plaintiff's right to be free from discrimination as guaranteed by the ADAAA.

45. Plaintiff has no plain, adequate or complete remedy at law for the

actions of Defendants, which have caused and continue to cause irreparable harm.

46. Defendants' violations of the ADAAA were willful or in reckless disregard of the tenets of the same.

47. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to the ADAAA.

## COUNT III
## DISCRIMINATION—CHAPTER 760, FLORIDA STATUTES

48. Paragraphs 1 through 29 are re-alleged and are incorporated herein by reference.

49. This is an action against Defendants for disability discrimination brought under Chapter 760, Florida Statutes as it relates to Plaintiff's medical condition.

50. Plaintiff has been the victim of discrimination on the basis of her disability or perceived disability. During the course of Plaintiff's employment with Defendants, she was treated differently than similarly situated nondisabled/perceived-as-disabled employees.

51. Defendants are liable for the differential treatment and/or its refusal to accommodate Plaintiff, which adversely affected the terms and conditions of Plaintiff's employment with Defendants. Defendants controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should

have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

52. In essence, the actions of agents of Defendants, which were each condoned and ratified by Defendants, were disability/perceived-disability based and in violation of the laws set forth herein.

53. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendants. The events set forth herein lead, at least in part, to Plaintiff's termination.

54. Defendants' conduct and omissions constitute intentional discrimination and unlawful employment practices based upon disability or perceived disability or Plaintiff's record of having an impairment under the Americans with Disabilities Act.

55. As a direct and proximate result of Defendants' conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to punitive damages and to injunctive relief.

## COUNT IV
## RETALIATION UNDER THE ADAAA

56. Paragraphs 1 through 29 are re-alleged and are incorporated herein by reference.

57. Plaintiff was a qualified individual with a disability recognized under the ADAAA.

58. Plaintiff was perceived as disabled by Defendants.

59. Defendants were Plaintiff's employer as defined by the ADAAA.

60. Defendants retaliated against Plaintiff because of her request for a reasonable accommodation in violation of the ADAAA.

61. Defendants retaliated against Plaintiff because she exercised her rights under the ADAAA by notifying Defendants of her need for a work accommodation related to her disability.

62. Defendants had actual or constructive knowledge of the retaliatory conduct.

63. Defendants' acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

64. Defendants' conduct violated Plaintiff's right to be free from retaliation as guaranteed by the ADAAA.

65. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendants, which have caused and continue to cause irreparable harm.

66. Defendants' violations of the ADAAA were willful or in reckless disregard of the tenets of the same.

67. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to the ADAAA.

## COUNT V
## RETALIATION—CHAPTER 760, FLORIDA STATUTES

68. Paragraphs 1 through 29 are realleged and incorporated herein by reference.

69. Defendants are employers as that term is used under the applicable statutes referenced above.

70. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff engaged in protected activity under Chapter 760, Florida Statutes, and other statutory provisions cited herein.

71. The foregoing unlawful actions by Defendants were purposeful.

72. Plaintiff engaged in protected activity by asking for reasonable accommodation(s) during Plaintiff's employment with Defendants and was the victim of retaliation thereafter, as related in part above.

73. Plaintiff is a member of a protected class because Plaintiff engaged in protected activity and was the victim of retaliation thereafter. There is thus a causal connection between the requesting of a reasonable accommodation(s) and the adverse employment action taken thereafter.

74. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to punitive damages and to injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendants under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff ;

(c) enter judgment against Defendants and for Plaintiff awarding damages to Plaintiff from Defendants to include compensatory and punitive damages for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendants and for Plaintiff permanently enjoining Defendants from future violations of law enumerated herein;

(e) enter judgment against Defendants and for Plaintiff awarding Plaintiff attorney's fees, interest and costs; and

(f) grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

DATED this 27th day of October 2020.

Respectfully submitted,

/s/ Thomas L. Dickens, III
THOMAS L. DICKENS, III, ESQ.
Florida Bar No.: 063687
Morgan & Morgan, P.A.
20 N. Orange Avenue
Suite 1600
Orlando, FL 32801
Telephone: (407) 420-1414
Facsimile: (407) 204-2208
tdickens@forthepeople.com;
mfermaint@forthepeople.com

**ATTORNEY FOR THE PLAINTIFF**